IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ISAIAH D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-006 |
| | ) | |
| ELIZABETH ARMSTRONG, c/o, | ) | |
| Richmond County Correctional Institution, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Richmond County Correctional Institution ("RCCI") in Augusta, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I. SCREENING OF THE COMPLAINT

#### A. BACKGROUND

Plaintiff names Elizabeth Armstrong, Prison Guard, as the sole Defendant in his amended complaint. (Doc. no. 10, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges three constitutional violations in his amended complaint. First, on December 15, 2012 at 8:49 a.m., Defendant assaulted Plaintiff by punching him in the face twice and pushing his head against the wall in the hallway of RCCI. (Id. at 5.) Correctional Officer D.

Davis purportedly witnessed the incident and provided a witness statement form. (Id.) Second, Defendant failed to provide him medical assistance for twenty-four hours after she purportedly assaulted him. (Id.) Instead of receiving medical treatment, he was placed in segregation. (Id.) Lastly, Defendant humiliated him and verbally abused him during this incident. (Id. at 6.) Defendant cursed at him in front of a large crowd, which "caused him humiliation and defamation to [his] character." (Id.) Including telling Plaintiff to "get the f*ck out of my way," Defendant "said other curse words that [Plaintiff] does not [remember]." (Id.)

Plaintiff seeks relief in the form of money damages and "anything else the Court may deem fair and appropriate." (Id. at 7.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening.**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the

speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deliberate Indifference.

Plaintiff's allegation that Defendant failed to provide him medical care following his purported assault fails to state a claim. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) Defendant acted with deliberate indifference to that need, and (3) his injury was caused by Defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the first prong, a prisoner's medical need must have been "diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v.

3

Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)).  To satisfy the second prong, Plaintiff must allege that Defendant: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

In addition, as Plaintiff claims that a delay in medical treatment amounted to deliberate indifference, he must allege some "detrimental effect of the delay in medical treatment . . . ." Hill, 40 F.3d at 1188, *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners.").  Whether such delay amounts to deliberate indifference to a serious medical need depends on the length of the delay as well as "the nature of the medical need and the reason for the delay." Farrow, 320 F.3d at 1247.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 1243.  The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).  As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be 'repugnant to the conscience of mankind."  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Thus, mere allegations of negligence or

4

malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Here, Plaintiff's deliberate indifference allegation consists entirely of his statement that he did not receive any treatment or assistance for more than twenty-four hours after Defendant punched and pushed him. (Doc. no. 1, p. 7.) However, Plaintiff fails to allege that he was injured during the assault, does not allege that Defendant was aware of his injuries, and does not explain how the one-day delay in treatment resulted in additional or exacerbated injuries. Therefore, Plaintiff fails to state a claim for deliberate indifference to his serious medical needs. Hill, 40 F.3d at 1188; Farrow, 320 F.3d at 1247.

### 3. Plaintiff Fails to State a Claim Based on His Allegations of Humiliation, Verbal Abuse, and Defamation.

Plaintiff's allegation that Defendant caused him humiliation and defamation by cursing at him also fails to state a claim. In order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must satisfy two elements. First, Plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. "[R]eputation alone does not implicate any liberty or property interests sufficient to invoke the procedural protection of the Due Process Clause, and something more than simple defamation or slander by a state official must be involved to establish a claim under § 1983." Pilgrim v. Hall Cnty. Det. Ctr., CIV.A. 2:08-CV-048-R, 2008 WL 879435, at *2 (N.D. Ga. Mar. 28, 2008) (citing Behrens v. Regier, 422 F.3d 1255, 1259 (11th Cir. 2005)); see Siegert v. Gilley, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under most States, but not a constitutional deprivation.") Accordingly, Plaintiff's allegation that he has been

defamed, humiliated, or verbally abused by Defendant's cursing fails to state a claim.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims based on (1) deliberate indifference to his serious medical needs and (2) humiliation, defamation, and verbal abuse, be **DISMISSED** for failure to state a claim.[1]

SO REPORTED and RECOMMENDED this 25th day of April, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In a simultaneously issued Order, the Court is allowing Plaintiff to proceed with his excessive force claim.